UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEANGELO BROTHERS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | MISCELLANEOUS ACTION NO. C-08-57 |
| | § | |
| DAVID G. CLARIUS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day the Court held a telephone conference regarding a discovery dispute in the above-styled action. Specifically, the discovery dispute involves a motion to compel brought by Deangelo Brothers, Inc. (hereinafter, "Deangelo Brothers") (D.E. 1), seeking to compel the production of documents by non-party (and former Defendant) AD Storm Water and Environmental Services, Inc. (hereinafter, "AD Storm"). This dispute arises out of the case <u>Deangelo Brothers, Inc. v. David G. Clarius, et al.</u>, Case No. 06-cv-0466, pending before Judge Thomas Vanaskie in the United States District Court for the Middle District of Pennsylvania.[1]

At the July 10, 2008 telephone conference, the Court ORDERED as follows:

1. By Thursday, July 17, 2008, AD Storm is ORDERED to produce to Deangelo Brothers copies of all documents responsive to the June 18, 2008 subpoena issued by Deangelo Brothers to AD Storm, insofar as such documents have not already been produced by AD Storm to Deangelo Brothers in the Middle District of Pennsylvania

---

[1] Federal Rule of Civil Procedure 45(c)(3)(A) states that "[o]n timely motion, the **court by which a subpoena was issued** shall quash or modify a subpoena [if it meets certain conditions.]" Fed. R. Civ. P. 45(c)(3)(A) (emphasis added). In this case, the subpoenas that Deangelo Brothers served on AD Storm (pursuant to which Deangelo Brothers now seeks to compel documents), were issued by the United States District Court for the Southern District of Texas. Accordingly, pursuant to Rule 45(c)(3)(A), the Court has jurisdiction over this discovery dispute.

litigation.[2]  AD Storm may redact these documents with regard to information about AD Storm's work for *specific* Wal-Mart stores, including but not limited to AD Storm's bids and pricing for those specific Wal-Mart Stores.  AD Storm may not redact the documents with regard to information about AD Storm's aggregate Wal-Mart business.

2. For all responsive documents produced in accordance with Paragraph No. 1 above, by Thursday, July 17, 2008, AD Storm must file unredacted versions of those documents, under seal, in the Middle District of Pennsylvania pending case, <u>Deangelo Brothers, Inc. v. David G. Clarius, et al.</u>, M.D. Pa. Case No. 06-cv-0466.

3. Deangelo Brothers and AD Storm are to stipulate to an agreed protective order with respect to all responsive documents produced in accordance with Paragraph No. 1. Deangelo Brothers and AD Storm must submit their agreed protective order to Judge Vanaskie in the Middle District of Pennsylvania case by Thursday, July 17, 2008.

SIGNED and ORDERED this 11th day of July, 2008.

_____
Janis Graham Jack
United States District Judge

---

[2] AD Storm and Deangelo Brothers have apparently narrowed the scope of the dispute between them, because AD Storm produced several responsive documents to Deangelo Brothers in advance of the July 10, 2008 hearing before this Court.  The scope of the dispute between Deangelo Brothers and AD Storm now centers on Category Nos. 2 and 4 of the Rider attached to the June 18, 2008 subpoena.  Specifically, these categories request (1) recurring work contract(s) between AD Storm and Wal-Mart from April 1, 2006 through March 31, 2008 for certain states; and (2) all payments made by Wal-Mart to AD Storm from April 1, 2006 through March 31, 2008, with reference to vendor number, invoice date, date of payment, amount of payment, and total amount of payments made.  This Court's Order only covers documents responsive to the June 18, 2008 subpoena that have not already been produced by AD Storm to Deangelo Brothers in advance of the July 10, 2008 hearing before the Court, in an effort to narrow the scope of the dispute between AD Storm and Deangelo Brothers regarding the production of documents.